*NOTE CHANGES MADE BY THE COURT.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDO ENTERPRISES, L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin corporation; WOLVERINE WORLD WIDE, INC. dba WORLD WIDE (WOLVERINE), INC., a Delaware corporation [DOE 1]; and DOES 2-20, inclusive,<br><br>Defendants. | CASE NO. CV-11-5473-CAS (AGRx)<br><br>**[PROPOSED]**<br>**PROTECTIVE ORDER**<br><br>Action Filed:  May 17, 2011<br>Case Removed: June 30, 2011<br>Trial Date:    None set |

## PROTECTIVE ORDER

Good cause having been shown to the satisfaction of the Court, it is hereby ordered that the following procedures shall govern the production of all documents, testimony, discovery responses, and other information in the above-captioned action (the "Action"), including information produced by parties currently named or later joined in this Action, and all third parties subject to discovery herein, *if they agree to abide by this protective order*.

## GOOD CAUSE STATEMENT

1. The issues presented by the complaint and answer in this action will most likely require an exchange of confidential business information, such as

1  product sales, revenue and profits, customer names, business and license
2  agreements, as well as celebrity valuation, all of which are considered proprietary
3  and confidential to the disclosing party, because public dissemination of such could
4  irreparably harm the disclosing party.

## PURPOSES AND LIMITATIONS

6  2. Because Discovery in this Action is likely to involve the production of
7  certain confidential business information, such as product sales information,
8  financial information including revenues and profits, customer names and business
9  agreements, including license agreements, and celebrity valuations, for which
10 special protection from public disclosure and from use for any purpose other than
11 prosecuting this litigation is warranted. Accordingly, the parties hereto stipulate to
12 and petition the Court to enter this Stipulated Protective Order (the "Protective
13 Order") pursuant to Federal Rules of Civil Procedure ("FRCP"), rule 26(c) to
14 protect the above enumerated information against unauthorized disclosure and to
15 ensure that such information will be used only for purposes of this Action. The
16 parties acknowledge that this Protective Order does not confer blanket protection on
17 all disclosure or responses to discovery, and the protection it affords extends only to
18 the information items listed above or elsewhere in this Protective Order. The parties
19 further acknowledge that this Protective Order creates no entitlement to file
20 confidential information under seal; Civil Local Rule 79-5 for the United States
21 District Court, Central District of California sets forth the procedures that must be
22 followed and reflects the standards that will be applied when a party seeks
23 permission from the Court to file material under seal.

## DEFINITIONS

25 3. The following terms, as used within this Protective Order are defined as
26 follows:

27 a. <u>Action</u>: means and refers to the above-captioned lawsuit entitled
28 *Brando Enterprises, L.P. v. Harley-Davidson Motor Company, Inc., et al.*, United

1 States District Court, Central District of California Case No. CV-11-5473-CAS
2 (AGRx), all actions now or later consolidated with the Action, and any appeal from
3 the Action, through final judgment;

4    b.  <u>Party or Parties</u>: any party to this Action, including all of its
5 officers, directors, members, partners, employees, consultants, retained experts,
6 corporate affiliates, and outside counsel (and their support staff);

7    c.  <u>Disclosure or Discovery Material</u>: all items or information,
8 regardless of the medium or manner generated, stored, or maintained (including,
9 among other things, testimony, transcripts, tangible things, writings and information,
10 whether in hard copy form, in electronically readable form, verbal, or otherwise)
11 that are produced or generated in disclosures or responses to discovery in this
12 Action;

13    d.  <u>"Confidential" or "Highly Confidential" Information or Items</u>:
14 all information (regardless of how generated, stored, or maintained) or tangible
15 things that qualify for protection under standards developed under the Federal Rules
16 of Civil Procedure.

17    e.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery
18 Material from a Producing Party;

19    f.  <u>Producing Party</u>: a Party or non-party that produces Disclosure
20 or Discovery Material in this Action;

21    g.  <u>Designating Party</u>: a Party or non-party that designates
22 information or items that it produces in disclosures or in responses to discovery as
23 "Confidential" or "Highly Confidential";

24    h.  <u>Protected Material</u>: any Disclosure or Discovery Material that is
25 designated as "Confidential" or "Highly Confidential";

26    i.  <u>Outside Counsel</u>: attorneys who are not employees of a Party
27 but who are retained to represent or advise a Party in this Action;

28    j.  <u>In-House Counsel</u>: all attorneys who are employees of a Party;

753477.1
-3-
STIPULATED PROTECTIVE ORDER

1      k. <u>Counsel</u>: Outside Counsel and In-House Counsel, including their support staffs;

2      l. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a party and who, at the time of retention, is not anticipated to become an employee of a party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    m. <u>Professional Vendor(s)</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## SCOPE

4. The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal the substance of the Protected Material.

## DURATION

5. Even after the termination of the Action, the confidentiality obligations imposed by this Protective Order on the Parties shall remain in effect until a Designating Party agrees otherwise, in writing, or a court order otherwise directs.

## DESIGNATION OF PROTECTED MATERIAL

6. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or nonparty that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or

1 written communications that qualify – so that other portions of the material,
2 documents, items, or communications for which protection is not warranted are not
3 swept unjustifiably within the ambit of this Protective Order.

    7.    <u>Manner And Timing Of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

    a.    <u>For documents</u> (apart from transcripts of depositions ~~or other pretrial or trial proceedings~~) [AGR]: The designation "Confidential" or "Highly Confidential" should be made in the lower right hand corner of the document, or such other area of the document as to avoid obscuring any original material. To the extent that a party produces a multi-page document, the legend "Confidential" or "Highly Confidential" must be affixed to each page of the document so designated. A party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential". After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Protective Order; then, before producing the specified documents, the producing party must affix the legend "Confidential" or "Highly Confidential" in the manner indicated above.

    b.    <u>For discovery responses</u>, the designation "Confidential" or "Highly Confidential" should be made on the caption page; the Protected Material should be segregated from the remainder of the discovery responses and served separately. If a Producing Party or non-party agrees to make original documents or materials available for inspection, that Producing Party or non-party need not

1 designate those documents or materials as Protected Material until after the
2 inspecting Party has indicated which material it would like copied and produced.
3 During the inspection and before the designation, all of the material made available
4 for inspection shall be deemed "Highly Confidential."

5       c. <u>Testimony</u> taken at a deposition, ~~conference, hearing, or trial~~, as
6 well as exhibits used in connection with such testimony, may be designated as
7 "Confidential" or "Highly Confidential" by making a statement to that effect on the
8 record at the deposition or other proceeding. Arrangements shall be made with the
9 court reporter taking and transcribing such proceeding to bind separately such
10 portions of the transcript containing information designated as Protected Material
11 and to label such portions with the appropriate designation. When it is impractical
12 to identify separately each portion of testimony that is entitled to protection, and
13 when it appears that substantial portions of the testimony may qualify for protection,
14 any Party and any non-party that sponsors, offers, or gives the testimony may
15 invoke on the record before the deposition or proceeding is concluded a right to
16 have up to thirty (30) days from the date of receipt of a copy of the transcript to
17 identify the specific portions of the testimony as to which protection is sought. Only
18 those portions of the testimony that are appropriately designated for protection
19 within the thirty (30) day period shall be covered by the provisions of this Protective
20 Order. A portion of a deposition transcript containing Protected Material shall not
21 be filed with the Court unless submitted in accordance with the procedures set forth
22 in paragraph 19 below.

23       d. <u>For information produced in some other form, and for any other
24 tangible items</u>: the Designating Party must affix in a prominent place on the exterior
25 of any container, canister, disk, CD, DVD, or other media or receptacle in which
26 Protected Material is kept or stored the legend "Confidential" or "Highly
27 Confidential." If there is no place upon which to put such legend, then the
28 Designating Party must describe in writing and in sufficient detail the Protected

753477.1

-6-

STIPULATED PROTECTIVE ORDER

Material, indicate whether the Protected Material is designated "Confidential" or "Highly Confidential" and provide this writing to all other Parties before or at the time production is made or, in the case of a production of Protected Material by a third party, within thirty (30) days of that production.

8. <u>Inadvertent Failures To Designate</u>. An inadvertent failure to designate a disclosure or discovery materials as Protected Material at the time of production, may be remedied by supplemental written notice given by the Producing Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Protective Order as if it had been initially so designated; provided, however, that the Receiving Party shall incur no liability for any previous treatment of such information in conformance with its original designation. The Party receiving such notice shall make a reasonable, good faith effort to insure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or re-designation.

9. <u>Inadvertent Production of Privileged Information</u>. The inadvertent production of any privileged document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product within the meaning of FRCP 26, and no Party or entity shall be held to have waived any rights by such inadvertent production. In the case of inadvertent production, the Receiving Party, upon written request by the Producing Party, shall (i) return the original and all copies of such documents within ten (10) days of receiving the request, and (ii) shall not use such information for any purpose until further order of the Court. Any analyses, memoranda, or notes which were internally generated based upon such information shall be destroyed. Nothing herein will restrict the Party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as privileged or protected by the

753477.1

-7-

STIPULATED PROTECTIVE ORDER

work-product doctrine, from referring to the fact that the material had been produced, or from generally describing the subject-matter being discussed in the document; provided, however, the Party filing the motion cannot quote the document or disclose the content of the document, or contend that any privilege has been waived by the inadvertent production.

## CHALLENGING CONFIDENTIALITY OBJECTIONS

10. <u>Timing Of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid a foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11. <u>Meet And Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by giving written notice to the Designating Party and to all other Parties in the Action. In its notice, the Challenging Party must explain the basis for its belief that the confidentiality designation is improper. Within 10 days of the date of the written challenge, the Designating Party must provide written notice to the Challenging Party that it will re-designate the Protected Material as requested in the written challenge or that it will not and explain the basis for its belief the confidentiality designation is proper.

12. <u>Judicial Intervention</u>. A Party that elects to pursue a challenge to a confidentiality designation after considering Designating Party's explanation for the basis of its belief that its confidentiality designation is proper may do so according to the requirements of Civil Local Rule 37. If the Joint Stipulation required under Civil Local Rule 37 or portions of the Joint Stipulation are to be filed under seal, good cause must be shown to the Court as to why the Joint Stipulation or portions thereof should be filed under seal. Pending the Court's ruling on the challenge, all

Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## ACCESS TO AND USE OF PROTECTED MATERIAL

13. Except with the prior consent of the Designating Party or upon prior order of a court of competent jurisdiction, Protected Material shall not be disclosed except in accordance with the terms of this Protective Order. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. When the Action has terminated, a Receiving Party must comply with the provisions of paragraph 22 below.

14. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material or any other information or item designated as "Confidential" only to the following:

    a. the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation, all of whom shall be deemed bound by the terms of this Protective Order;

    b. In-House Counsel of a Receiving Party to whom disclosure is reasonably necessary for the litigation;

    c. the officers, directors, members, partners (and their officers, directors, and employees), and employees of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation;

     d.    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

     e.    Accountants of the Receiving Party and insurers of the Receiving Party (along with their In-House and Outside Counsel), as well as officers, directors, and employees of said accountants and insurers, to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

     f.    Professional Vendors, including court reporters, copy services, and their staffs, to whom disclosure is reasonably necessary for purposes of this litigation;

     g.    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for purposes of this litigation, provided that counsel questioning the witness has laid a foundation that the witness has or is substantially likely to have knowledge of the subject matter of the Confidential Information;

     h.    the author of the document or the original source of the information;

     i.    witnesses who have already had access to the Confidential Information;

     j.    the Court and its staff;

     k.    any settlement officer or mediator who may be ordered by the Court or agreed to by the parties to aid in the settlement of the Action, and the staff of such settlement officer or mediator.

15.    <u>Disclosure of "Highly Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any Discovery Material or any other information or item designated as "Highly Confidential" only to the following:

    a. those persons identified in subsections a, b, and d through k of paragraph 14 of this Protective Order; and

    b. **For Plaintiff:** Larry J. Dressler, Vice President and Chief Financial Officer for Plaintiff's general partner, and trustee for Plaintiff's limited partners; Mike Medavoy, President of Plaintiff's general partner, and trustee for Plaintiff's limited partners; and Avra Douglas, Secretary of Plaintiff's general partner, and trustee for Plaintiff's limited partner;

    c. **For Harley:** Patrick Smith, VP, General Merchandise and Licensed Products; Susan McPherson, Manager, Licensed Product; and Matt Thompson, Category Manager, Licensed Product; and

    d. **For Wolverine:** Michael Hebreard, Vice President and General Manager, Harley-Davidson Footwear, Donald T. Grimes, Senior Vice President and Chief Financial Officer, and Ted Gedra, President, the Heritage Brands Group.

16. Agreement To Be Bound By Protective Order.

    a. Outside Counsel for each Party will be responsible for maintaining the originals of the "Acknowledgement and Agreement To Be Bound By Protective Order" until the conclusion of this Action, including any appeals. At such time, Outside Counsel for each Party shall serve a copy of each such acknowledgment upon Outside Counsel for each other Party if requested by the other Party. The Parties agree not to use these acknowledgments for any purpose other than monitoring and enforcing compliance with this Protective Order.

    b. Any person, other than the Court or the Court's staff, who receives Protected Material pursuant to paragraph 14 or 15 above, shall not disclose such information to any person who is not entitled to receive such information under this Protective Order. In addition, any such person will only make such copies and summaries of the Protected Material as are essential to enable him or her to render

the assistance required in connection with this litigation, and, upon his or her termination of work in connection with the Action, will return to the Outside Counsel who provided such Protected Materials to him or her all such copies, of the Protected Materials and summaries thereof. Any such person shall not use the Protected Material, or any information contained therein, or derived therefrom, for business or competitive purposes, or for any purpose other than the prosecution or defense of this Action.

## DEPOSITION PROCEDURES

17. At any deposition session, when use of a document or the answer to a question is likely to result in the disclosure of Protected Material, Outside Counsel shall have the option, in lieu of taking other steps available under the FRCP, to request that all persons other than the reporter, Counsel, and individuals specified in paragraph 14 or 15 above leave the deposition room during the "Confidential" or "Highly Confidential" portion of the deposition.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18. The Parties acknowledge that disclosure of Protected Material, or information derived therefrom, could cause irreparable harm to the interests of the Designating Party. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## FILING PROTECTED MATERIAL

19. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this Action any Protected Material. A Party that seeks to file any Protected Material under seal must comply with Civil Local Rule 79-5 for the United States District Court, Central District of California. The application shall be directed to the Judge to whom the papers are directed. Pending a ruling on the application, the Protected Material subject to the application to seal shall be lodged under seal.

### TRIAL PREPARATION AND TRIAL

20. Outside Counsel for the Parties shall meet and confer prior to trial and attempt to develop guidelines regarding the use of "Confidential" or "Highly Confidential" information or tangible items during the trial and any post-trial proceedings, and the pretrial conference order in this Action shall set forth the treatment at trial of "Confidential" or "Highly Confidential" documents, information or tangible items. This Protective Order shall not extend to the trial proceedings, however, all individuals bound by the provisions of the Protective Order shall continue to be bound by the Protective Order until an order of the Court, or agreement of the parties, relieves any individual(s) of those obligations. Any party, or all parties, may apply to the Court for appropriate relief regarding the protection of Confidential Information during the trial.

### RETURN OF DISCOVERY MATERIAL

21. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this Action. Upon final termination of the Action, including all appeals, each Party and Outside Counsel for each Receiving Party shall each be permitted to retain one copy of the pleadings, the transcripts of any hearings, trials, or depositions and the exhibits introduced or otherwise used in any such filings, depositions, hearings or trials containing information designated as "Confidential" or "Highly Confidential," and shall destroy or assemble and return to each Designating Party all other documents, materials, and deposition transcripts designated by the Designating

Party as "Confidential" or "Highly Confidential" and all copies or summaries thereof. Within ninety (90) days following the final termination of the Action, including all appeals, the Receiving Party or its Outside Counsel if requested by the other Party, shall submit a written certification to the Producing Party that all Protected Material, except Protected Material allowed to be retained as stated above, was returned or destroyed and affirm that the neither the Receiving Party nor its Outside Counsel has retained any copies, abstracts, compilations or summaries, or reproduced or captured the Protected Material in any other form or manner.

## FURTHER MOTIONS NOT PRECLUDED

22. Entry of this Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any Disclosure or Discovery Material or other information in the course of this Action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

## MISCELLANEOUS

23. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

24. ~~The Court shall retain jurisdiction to enforce the terms of this Protective Order subsequent to entry of judgment or settlement of this Action.~~ [AGR]

**IT IS SO ORDERED.**

DATED: August 11, 2011

*Alicia G. Rosenberg*
CHRISTINA A. SNYDER
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____

_____ [print or type full address], have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Brando Enterprises, L.P. v. Harley Davidson Motor Company, Inc., et al.*, United States District Court, Central District of California Case No. CV-11-5473-CAS (AGRx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of

_____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where signed: _____

Signature: _____

Printed name: _____